# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MORIRUM OBI RAPU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-001805 (ABJ) |
| | ) | |
| D. C. PUBLIC SCHOOLS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Morirum Obi Rapu brought this action against the District of Columbia and District of Columbia Public Schools ("DCPS") seeking to collect attorneys' fees incurred while bringing a successful administrative action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* Now pending before the Court is plaintiff's motion for summary judgment, which the parties agree the Court should treat as a motion for attorneys' fees and costs.[1] For the following reasons the motion will be granted in part and denied in part.

**I.     Background**

Plaintiff is the parent of a student enrolled in a DCPS school who filed a due process complaint alleging that DCPS denied her child a free appropriate public education as required under the IDEA. Am. Compl. ¶ 4. On February 9, 2009, the hearing officer issued a decision ("HOD") in plaintiff's favor. Am. Compl. ¶ 9; Answer ¶ 9. After the hearing officer's decision, plaintiff submitted a petition for attorneys' fees to the DCPS seeking $5,410.10. Defendants

---

1      At a status hearing on June 9, 2011, plaintiff agreed with the Court and defendant that its motion for summary judgment should be treated as a motion for attorneys' fees.

reimbursed plaintiff in the amount of $1,119.60, resulting in a difference of $4,134.10. Mot. for Summ. J., Ex.5; *see also* Mot. for Summ. J. at 8.

On August 20, 2009, plaintiff filed a complaint in the Superior Court for the District of Columbia seeking payment for the remaining amount of attorneys' fees and costs incurred as part of the IDEA hearing. Compl. [Dkt. No. 1]. Defendants removed the complaint to this Court on September 18, 2009. *Id.*

Plaintiff filed an amended complaint on March 15, 2010, in which she seeks attorneys' fees of $5,410.10,[2] "minus the amount already paid by the DCPS," and court costs and attorneys' fees for the instant action. Compl. at 4. On June 1, 2010, the Court dismissed the District of Columbia Public Schools as a non-suitable entity, so the District of Columbia remains as the only defendant in this case.

On July 30, 2010, plaintiff filed its motion for summary judgment, which the Court will now consider as a motion for attorneys' fees.

## II. Standard of Review

Under the IDEA, this Court has the discretion to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party" in an administrative proceeding. 20 U.S.C. § 1415(i)(3)(B). In other words, if the plaintiff seeking attorneys' fees is a prevailing party, the Court must determine whether the attorneys' fees are reasonable. *Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 100 (D.D.C. 2010). Courts typically determine the reasonableness of attorneys' fees based on the "number of hours

---

2  Defendant disputes the actual amount claimed by plaintiff because, according to defendant, plaintiff's "claim is based upon an inaccurate accounting of time entries paid by DCPS in its dispute sheet. The actual amount claimed is $3,936.60." Def.'s Opp. to Mot. for Summ. J. at 2 n.1.

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The plaintiff bears the burden of establishing both the reasonableness of the hourly rate and the reasonableness of the number of hours spent on a particular task. *In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995). To show the reasonableness of the hourly rates, plaintiff "must submit evidence on at least three fronts: 'the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community.'" *Jackson*, 696 F. Supp. 2d at 101 (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). To show the reasonableness of hours spent on a task, plaintiff may submit an "invoice that is sufficiently detailed to 'permit the District Court to make an independent determination whether or not the hours claimed are justified.'" *Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 45 (D.D.C. 2004) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense,* 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

## III. Analysis

As an initial matter, the Court notes that plaintiff's fee submission left much to be desired since it failed to identify which attorney performed the particular tasks for which the law firm submitted bills. Plaintiff's submission supplies the rate at which each task was billed, and a list of rates that each timekeeper charged. Neither defendant nor the Court should have to cross-reference the list of rates per timekeeper against the individual invoice entries to decipher which timekeeper performed the work at issue. *See Gray v. District of Columbia*, --- F. Supp. 2d ---, 2011 WL 1561553, at *2 (D.D.C. Apr. 26, 2011) (finding that plaintiff failed to carry her burden by submitting a fee petition lacking "sufficient detail, failing to even identify which attorney, or non-attorney, performed each activity for which fees are claimed"). Nevertheless, the Court is

able to decide whether the hours claimed for particular tasks are justified and to make a determination of what rates should apply.[3] The Court will therefore exercise its discretion and consider the reasonableness of the fee petition.

### A. The Hourly Rates

#### 1. *The prevailing market rates*

Plaintiff argues that the *Laffey* Matrix[4] rates should apply to demonstrate the prevailing market rates for legal fees incurred in connection with IDEA administrative proceedings. *Id.* Defendant responds that the *Laffey* Matrix is reserved for complex federal litigation and that instead the DCPS Guidelines apply to the fee submission. But courts in this district have repeatedly rejected "precisely the same argument." *Bucher v. District of Columbia*, --- F. Supp. 2d. ---, 2011 WL 1356761, at *4 (D.D.C. Apr. 11, 2011). Indeed, "numerous judges in this district have applied *Laffey* rates in the context of fee awards arising out of IDEA administrative proceedings." *Jackson*, 696 F. Supp. 2d at 102 (collecting cases). Therefore, the Court will use the *Laffey* Matrix as the benchmark for prevailing market rates in this case.

#### 2. *Attorneys' skill, experience, and reputation*

While the *Laffey* Matrix may demonstrate the prevailing market rate, plaintiff must also demonstrate each attorney's skill, experience, and reputation to show the reasonableness of the fees. *Id.* at 101. Plaintiff submitted an affidavit describing the bar membership, level of experience, and educational background of each timekeeper. Mot. for Summ. J., Ex. 3 ("Adewusi Decl."). While the affidavit describes how long the attorneys have been admitted to the bar – if at all – it fails to offer the other required information about their experience, skill, and

---

3     See Part I(B)(2), *infra*, for further explanation of how the Court will treat any deficiencies in the submission due to plaintiff's failure to list specific names for each entry.

4     The *Laffey* Matrix is "a schedule of charges based on years of experience." *Covington v. District of Columbia,* 57 F.3d 1101, 1105 (D.C. Cir. 1995).

4

reputation. This deficiency is only relevant for one attorney, Shahidah Hamlett, though, because all of the other timekeepers must be treated as paralegals for other reasons. The Court will address each timekeeper's appropriate rate in turn.

### 3. Applicable rates

#### a. Allen Mohaber

Plaintiff seeks an hourly rate of $250 for Allen Mohaber, who received a J.D. degree from the University of the District of Columbia School of Law in 2004 and was barred in the State of Maryland in 2005. Adewusi Decl. ¶ 1. An attorney not licensed in the District of Columbia cannot practice law in administrative proceedings before the DCPS. *Agapito v. District of Columbia*, 477 F. Supp. 2d 103, 108 (D.D.C. 2007) (citing D.C. Court of Appeals Rule 49). Because Mohaber is not a member of the District of Columbia bar, plaintiff is not entitled to reimbursement for his services at attorney rates.

At a hearing on June 9, 2011, plaintiff conceded this point and requested that Mohaber be treated as an educational advocate. But the "crystal clear language of the [DCPS] Guidelines only permits payment for 'advocates hired *for the purpose of providing testimony*.'" *Gray*, 2011 WL 1561553, *6 n.5. Plaintiff has not presented any evidence that Mohaber was hired for this purpose other than a conclusory statement that "Mohaber was employed as an educational advocate in this matter." Adewusi Decl. ¶ 1. Furthermore, the fee submission purports to bill for Mohaber's time as an attorney, not as an expert. Since it appears that Mohaber was part of the legal team and there is no evidence that he was hired for the purpose of providing testimony, the Court will treat Mohaber as a paralegal.

The Court finds, though, that Mohaber would be a well-qualified paralegal because he has a law degree and was admitted to the bar of another state in 2005, three years before he

5

performed the work in this matter. The Court will therefore exercise its discretion in setting Mohaber's paralegal rates at the full *Laffey* Matrix rate. Under the *Laffey* Matrix, Mohaber could charge $125 per hour for work between June 2007 and May 2008.[5] That rate would increase to $130 per hour for work performed between June 2008 and May 2009. But the Court cannot determine from the invoice the operative period in which Mohaber performed his work. Since it is the plaintiff who must carry the burden to justify the fees, the Court will apply the lower $125 per hour rate to all of his work.

### b. Samar Malik

Plaintiff seeks an hourly rate of $200 for Samar Malik, who earned a J.D. degree in 2007 and who purportedly "underwent a rigorous special education clinical training at UDC Law." Adewusi Decl. ¶ 2. Absent evidence that Malik is a member of the District of Columbia bar, she must also be treated as a paralegal. And as with Mohaber, the Court will set Malik's paralegal rate at the full *Laffey* Matrix because she had graduated from law school at the time of her work on this case. Under the *Laffey* Matrix, the Court will apply an hourly rate of $130 because Malik only billed for time in December 2008.

### c. Annie Pressley

Plaintiff seeks an hourly rate of $165 for Annie Pressley, who earned a J.D. degree in "2004/2005." Adewusi Decl. ¶ 3. Plaintiff states that Pressley "is not an expert; but was a

---

5     The United States Attorney's Office for the District of Columbia periodically updates the *Laffey* Matrix "to reflect current billing rates in the community," *District of Columbia v. Jeppsen*, 686 F. Supp. 2d 37, 38 n.1 (D.D.C. 2010), and it is available at http://www.justice.gov/usao/dc/divisions/civil_laffey_matrix_8.html. Plaintiff proffered a "Laffey Matrix," Mot. for Summ. J., Ex. 1, but it differs from the one published by the United States Attorney's Office. The Court will apply the rates as updated by the United States Attorney's Office instead of the rates proffered by plaintiff. *See Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 25 (D.D.C. 2004) ("Courts in this Circuit have found rates charged by attorneys in IDEA actions to be reasonable if they conform to the United States Attorney's Office's *Laffey* Matrix.").

staffer" at the law firm. *Id.* Like Malik and Mohaber, Pressley will be treated as a paralegal because she is not admitted to the District of Columbia bar. The Court will assign her the full *Laffey* Matrix rate of $125 because she only billed for work between March and May 2008.

   d. Mireya Amaya

Plaintiff charged $85 per hour for Mireya Amaya's work as a paralegal. Adewusi Decl. ¶ 4. Because this rate is well below the *Laffey* Matrix rate, the Court will not adjust her rate.

   e. Shahidah Hamlett

Plaintiff seeks an hourly rate of $250 for Shahidah Hamlett, who was admitted to the District of Columbia bar on July 8, 2005. Adewusi Decl. ¶ 5. Other than simply stating that "Hamlett is a special education attorney," *id.*, plaintiff offers no evidence regarding her skill, experience, and reputation. Nor did she provide evidence about Hamlett's general billing practice. Therefore she fails to justify the reasonableness of the $250 hourly rate. Under the *Laffey* Matrix, Hamlett could charge $215 and $225 for the two relevant periods. But given plaintiff's complete failure to demonstrate Hamlett's experience, skill, or reputation, the Court will exercise its discretion and reduce the applicable *Laffey* Matrix hourly rates by 20%, to $172 and $180.[6] *See Jackson*, 696 F. Supp. 2d at 104–06 (describing how the *Laffey* Matrix rates "provide merely a starting point for determining the reasonableness of a billing rate" and reducing an attorney's rate by 25% from the *Laffey* Matrix rate for failure to provide evidence to establish the reasonableness of the fee sought). Moreover, as with Mohaber, because the Court cannot determine from the invoice the operative period in which Hamlett performed her work, the Court will apply the $172 per hour rate for all of it.

---

6  The Court notes that this rate is still more than plaintiff could charge under the DCPS Guidelines, which is $135 to $170 per hour because she had less than five years' experience. *See* Def.'s Opp. to Mot. for Summ. J., Ex. B at 3.

### B. The Hours Expended

Plaintiff also bears the burden of establishing the reasonableness of the number of hours spent on particular tasks. Defendant argues that plaintiff failed to meet her burden because the charges are for non-professional work, too remote, or too vague.

#### 1. *Non-professional work*

Defendant first argues that plaintiff improperly charged for various tasks that are "clerical functions, not legal ones." Def.'s Opp. at 14. Activities that are purely "clerical in nature" cannot be included in attorneys' fees because they are considered part of normal administrative overhead. *Jackson*, 603 F. Supp. 2d 92, 98 (D.D.C. 2009) (citing *Michigan v. U.S. EPA*, 254 F.3d 1087, 1095–96 (D.C. Cir. 2001)). At the same time, it is "well established that a party may recover for paralegals' fees." *Id.*

Here, plaintiff seeks recovery for activities such as "Created file," "Updated file and filling [sic] documents," and "Fax of disclosure." Mot. for Summ. J., Ex. 6 at 2–3. She also seeks fees for "Teleconference with parent in re: update contact in formation [sic]." *Id.* at 2. The Court will exclude these types of purely clerical tasks. *See Jackson*, 603 F. Supp. 2d at 98 (excluding fees for work described as "create file; made copies; faxed document"); *see also Dickens v. Friendship-Edison P.C.S.*, 724 F. Supp. 2d 113, 124 (D.D.C. 2010) (excluding fees for "filing pleadings"). On the other hand, plaintiff also seeks reimbursement for tasks such as communicating with the client that fall within the scope of reasonable charges to the client for a paralegal: "Drafted letter to parent in re: hrg notice date"; "Drafted letter to parent in re: send copies of new HOD." Mot. for Summ. J., Ex. 6 at 3. The court will allow reimbursement for these types of activities.

Apart from tasks performed by paralegals, certain clerical functions performed by *attorneys* will be excluded because plaintiff has failed to demonstrate that the structure of the law firm required the attorneys to be responsible for these tasks, or that the attorneys were otherwise justified in charging for such activities. *See Bailey v. District of Columbia*, 839 F. Supp. 888, 891 (D.D.C. 1993) (awarding fees for clerical tasks performed by attorneys "operating either as solo practitioners or in small firms" because "denying plaintiffs compensation for these tasks would unfairly punish plaintiffs and their counsel for not staffing this case as if they had the manpower of a major law firm"). Specifically, plaintiff seeks fees for 30 minutes spent sending a single fax – at an attorney rate of $200.00 per hour – on December 30, 2008. Mot. for Summ. J., Ex. 6 at 3. Given the fact that the firm employed a paralegal, it is unreasonable to charge for sending a fax at the attorney's hourly rate, as well as for such a long period of time. Similarly, on two occasions plaintiff billed a total of 45 minutes – at a rate of $250.00 per hour – for "attempt[ing] to contact mother." *Id.* This too is an unreasonable amount of time and an unreasonable rate to bill the client for phone calls that did not result in conversations. Plaintiff properly refused payment on these charges.

*2. Activities too remote in time or unrelated to the proceeding*

Defendant also rejected fees incurred between February 26, 2008 and June 6, 2008. Defendant argues that those charges are too "remote in time and/or not related to the hearing" because "work performed almost one year prior to the relevant HOD and thirty days prior to her due process complaint are not related to her due process complaint." Defs.' Opp. to Mot. for Summ. J., Ex. 1 at 3. However, courts in this district have found that a "year in advance of a hearing 'is an entirely reasonable window of time to be engaging in productive work that will result in a favorable administrative decision' based on a showing by the plaintiff that each charge

9

was tied to a particular hearing." *Gray*, 2011 WL 1561553, at *6 (quoting *Lax v. District of Columbia*, Civ. No. 04-1940, 2006 WL 19802634, at *4 (D.D.C. July 12, 2006)).

Here, plaintiff argues that the activities are "directly related to seeking redress for the Plaintiff" and to compel Defendants to comply with the existing HOD that was issued in February 2008. Pl.'s Mot. for Summ. J. at 10. In other words, "but for the failure and refusal of the Defendants to comply with the existing HOD, the legal activities performed, between February 26, 2008 and November 13, 2008, would *not* be necessary." *Id.* The Court agrees and finds that such activities are proper because – as the results of the second hearing proved – it was reasonable to engage in work to ensure compliance with the original HOD. That work culminated in the February 2009 hearing at which plaintiff prevailed.

But the Court will not award fees for three purely clerical entries charged during this period because they are unreasonable. First, Pressley charged for a telephone conference on March 31, 2008 – at $165 an hour – in which she "confirmed for MDT eligibility mtg." Mot. for Summ. J., Ex. 6 at 2. Similarly, Pressley charged for a phone call on April 27, 2008 in which plaintiff apparently stated that she was "unable to attend meeting tomorrow." *Id.* Charging attorneys' rates for a phone call to simply confirm attendance at a meeting is unreasonable. Third, Amaya charged for a phone call on June 6, 2008 to which it appears she received "no response." *Id*. Judging from the face of the invoice, this is an inappropriate fee even for a paralegal. Accordingly, these three entries will be disallowed from plaintiff's petition because plaintiff has failed to demonstrate that they are reasonable.

### 3. Vague entries

Defendant further argues that the entries are too vague to allow the Court to determine whether such hours were actually and reasonably expended. As previously described, the

invoice lists the hourly rate for each entry but fails to identify which attorney performed each task. But the invoice does list the billing rate for five timekeepers. Mot. for Summ. J., Ex. 6 at 4. Three of those timekeepers charge different hourly rates, so the Court can determine from the face of the invoice which task each of those timekeepers performed. But the other two timekeepers, Allen Mohaber and Shahidah Hamlett, charge the same hourly rate. So it is impossible to determine who performed any given task as between Mohaber and Hamlett. However, plaintiff does provide the total number of hours charged for each of those two attorneys. *Id*. The Court will therefore apply any deductions for tasks rejected by the Court to Hamlett's time because her rate, as described above, is higher. In other words, since it is plaintiff who bears the burden, any gaps in proof should inure to her disadvantage.

Defendant rejected one entry based on its "insufficient description." Mot. for Summ. J., Ex. 5. The entry states that plaintiff's attorneys "[p]repared f [sic] for pre-hearing conference." *Id.* This is followed by an entry on the same date for "[p]re-hearing conference with parent." *Id.* Although more detail would be preferable, these entries are sufficiently detailed to show that plaintiff was doing the kind of work at the heart of the IDEA attorneys' fee provision: preparing a parent for the administrative hearing. *See Kaseman*, 329 F. Supp. 2d at 26 ("To be sufficient, the invoices need not present the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.") (internal quotations and citations omitted). The Court will therefore award plaintiff fees for these types of activities.

C. **Summary of Fees**

After excluding inappropriate fees and adjusting the hourly rates for each timekeeper, the Court finds that plaintiff is entitled to $3,384.90 for fees.[7] After deducting the $1,119.60 that defendant already paid plaintiff, the Court will award plaintiff $2,265.30 in fees. The following chart summarizes (1) the rates at which plaintiff originally sought reimbursement, (2) the rate the Court finds appropriate, (3) the hours charged in the original invoice, (4) the hours the Court will allow after excluding inappropriate activities, and (5) the total fees based on the adjusted hourly rates multiplied by the number of hours allowed.

| Attorney | Charged Rate | Proper Rate | Hours Invoiced | Hours Allowed | Total Fee |
|---|---|---|---|---|---|
| Mohaber | $250.00 | $125.00 | 2.37 | 2.37 | $296.25 |
| Pressley | $165.00 | $125.00 | 6.39 | 6.02 | $752.50 |
| Amaya | $85.00 | $85.00 | 5.45 | 3.19 | $271.15 |
| Malik | $200.00 | $130.00 | 1.5 | 1 | $130.00 |
| Hamlett | $250.00 | $172.00 | 12 | 11.25 | $1,935.00 |
| **Total** | | | 27.71 | 23.83 | $3,384.90 |
| **Approved Fees** | | | | | $1,119.60 |
| **Fees Owed** | | | | | **$2,265.30** |

D. **Attorneys' Fees for the Instant Litigation**

Plaintiff also seeks attorneys' fees and costs incurred for the instant litigation. The statute provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs." 20 U.S.C. § 1415(i)(3)(B). *See also Holbrook*, 305 F. Supp. 2d at 49 n.2 ("Reasonable attorney's fees and costs incurred in litigating a fee petition are compensable.") (citing *Sierra Club v. EPA*, 769 F.2d 796, 811 (D.C. Cir. 1985)). In *Holbrook,* the court

---

[7] The parties dispute whether plaintiff's petition is subject to a $4,000 fee cap. But because the Court will only award a $3,384.90 in total fees, the Court does not need to address that issue.

awarded attorneys' fees and other costs incurred by the plaintiff in its District Court action under section 1415 seeking the fees it expended in the successful IDEA proceeding against the DCPS. However, it is entirely within the Court's discretion whether to do so or not. While the Court has found that the defendant improperly withheld payment for certain tasks, and that the rates DCPS applied were below the prevailing market rate, the Court also recognizes that plaintiff's fee submission, like the submission in *Gray,* left significant room for improvement in its level of detail and clarity. Accordingly, even though the Court was willing to exercise its discretion to increase the fees to be awarded the plaintiff for the underlying IDEA litigation, the Court does not find sufficient grounds to exercise its discretion to order an additional award for fees expended largely due to the plaintiffs' failures below.

AMY BERMAN JACKSON
United States District Judge

DATE: June 27, 2011